**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS LIABILITY LITIGATION<br><br>This document relates to all cases | Case No. 3:16-md-2734<br><br>Chief Judge M. Casey Rodgers<br>Magistrate Judge Gary Jones |

## ORDER ESTABLISHING INTERIM PROCEDURES

This Order applies to all cases currently pending in *In re: Abilify (Aripiprazole) Products Liability Litigation*, Master Case Number 3:16-md-2734 and to all related actions that have been or will be originally filed in, transferred to, or removed to this court and assigned as a member or tag-along case to this Multidistrict Litigation ("MDL") proceeding. A list of cases presently consolidated into this MDL action is included as Attachment A.

Pursuant to the *Manual for Complex Litigation* section 11.12, the court hereby establishes, *sua sponte*, interim procedures until such time as an Initial Case Conference ("ICC") is held and a Case Management Order ("CMO") entered.

**I. Initial Case Conference; Appointment of Interim Lead and Liaison Counsel**

This matter is hereby scheduled for an Initial Case Conference ("ICC") on November 7, 2016, beginning at 11:00 A.M. Central Standard Time, in the Second Floor Courtroom of the United States Courthouse, Arnow Building, 100 North

Palafox Street, Pensacola, Florida. Until that time, the court hereby appoints *interim* co-lead counsel for plaintiffs, as follows:

>B. Kristian W. Rasmussen
>Cory Watson Attorneys
>2131 Magnolia Avenue, Suite 200
>Birmingham, AL 35205
>Phone: (205) 328-2200
>Email: krasmussen@corywatson.com
>
>Gary L. Wilson
>Robins Kaplan LLP
>800 LaSalle Avenue
>2800 LaSalle Plaza
>Minneapolis, MN 55402-2015
>Phone: (612) 349-8500
>Email: gwilson@robinskaplan.com

Interim co-lead counsel are responsible for organizing the required pre-ICC submissions established below, directing the activities of plaintiffs during the ICC, and performing such other duties as may be incidental to the proper coordination of plaintiffs' pretrial activities.

Additionally, the court appoints *interim* liaison counsel for plaintiffs as follows:

>Bryan F. Aylstock
>Aylstock Witkin Kreis & Overholtz, PLLC
>17 E Main Street, Suite 200
>Pensacola, FL 32502
>Phone: (850) 916-7450
>Email: baylstock@awkolaw.com

Case No. 3:16-md-2734

Interim liaison counsel will receive and, as appropriate, distribute orders from the court and documents from opposing parties to counsel or pro se plaintiffs in the cases identified in Attachment A and the second Conditional Transfer Order, ECF No. 4. Interim liaison counsel is also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation, pursuant to Rule 8(e) of the Panel's Rules of Procedure, on behalf of all plaintiffs, and is responsible for the preparation and transmittal of copies of orders and notices to counsel or pro se plaintiffs in the cases identified in the Attachment A and the second Conditional Transfer Order, ECF No. 4.

Due to the limited number of defendants involved in this litigation, the court does not see a need to appoint interim lead or liaison counsel for defendants at this time. Until the court establishes docketing and filing procedures for this MDL action, notice will be sent to those defense counsel, identified in Attachment B, who either received notice before the JPML or appeared in the related actions that were originally filed in this court. Any objections to the appointed interim counsel must be made within five (5) days of receipt of this order.

Interim co-lead and liaison counsel for plaintiffs and counsel for defendants must meet and confer in advance of the ICC. At least seven calendar days prior to the ICC, counsel are required to submit the following:

1.  **Joint Proposed Agenda**. In addition to any other issues raised by the parties, the agenda should include the following items:

    - *Organizational Structure.* Plaintiffs and defendants should each include a proposed organizational structure detailing the role of lead and/or liaison counsel, federal-state liaison counsel, and/or steering committees, if any. Once a structure is established by the court, applications will be solicited and appointments made by the court.

    - *Submission of a Science Tutorial.* The parties must submit their views regarding whether a scientific and/or medical tutorial would be helpful to the court in deciding any of the issues involved in this MDL action; and if so, the appropriate format.

    - *Protective Order.* The parties must submit suggestions regarding the content and timing of a proposed Protective Order.

    - *Case Management Order.* Finally, the parties must suggest the content and timing for submission of a proposed Case Management Order ("CMO"). In addition to the normal array of deadlines and other issues, any proposed CMO must address the following: (a) establishment of a document repository, and agreement on a document production format that is electronically

search-capable; (b) stipulations regarding service of process; (c) coordination with state court litigation; (d) whether a master complaint is appropriate, and if so, why it is appropriate and what form should it take; (e) how to deal with class action litigation, if expected; (f) employment of medical releases and party fact sheets; (g) use of a tolling agreement, if appropriate; (h) use of a preservation order, if appropriate; and (j) whether bellwether trails are appropriate, and if so, why they are appropriate.

2. **Separate Submissions.** The parties must also separately submit the following items seven calendar days prior to the ICC:

- *Briefs Regarding Current Status.* The parties must each submit a brief (25 pages or less), one for plaintiffs and one for each defendant, unless defendants all agree to the submission of a single brief, outlining their views on: (a) the primary facts, allegations, claims, and defenses involved in the litigation, together with any other pertinent legal and factual background; (b) an overview of the procedural status of all cases identified in Attachment A and the second Conditional Transfer Order, ECF No. 5, any cases counsel anticipates will be transferred to this MDL action, and any related state-court litigation, including: (1)

  the status of discovery to date, (2) the status of motions, decisions, and other important events in the litigation, if any; (c) the status of any related state-court litigation; and (d) a prediction of the number of cases that may become a part of this MDL and the number of related cases that will remain in state courts. These briefs will not be binding, will not waive any claims or defenses, and may not be offered in evidence against a party in later proceedings.

- *Submission of Contact List.* The parties must also present a list of all counsel of record and pro se plaintiffs, together with their contact information (addresses, work and cell telephone numbers, fax numbers, and e-mail addresses). These submissions should be in electronic format, such as a Word, WordPerfect, or Excel document and sent by email to Courtroom Deputy Susan Simms at Susan_Simms@flnd.uscourts.gov.

Interim co-lead and liaison counsel for plaintiffs are expected to represent the interests of all plaintiffs at the ICC; however, counsel for any plaintiff, or any pro se plaintiff, may also appear if he/she so chooses. Counsel or any pro se plaintiff who cannot attend the ICC in person may participate by telephone conference call.[1] By

---

[1] Telephonic conference instructions will be provided separately.

Case No. 3:16-md-2734

close of business on November 4, 2016, any counsel or pro se plaintiff who intends to participate in the telephone conference call must notify Courtroom Deputy Susan Simms by email at Susan_Simms@flnd.uscourts.gov or by voicemail message at (850) 470-8125. This message should clearly identify the participant and state that the individual intends to participate in the MDL ICC conference call. Attendance at the ICC will not constitute a waiver of objections to jurisdiction, venue, or service.

## II.    GOVERNING PROVISIONS PENDING ENTRY OF A CASE MANAGEMENT ORDER.

Prior to the court's entry of a comprehensive CMO governing all further pretrial proceedings in this MDL action, the following provisions will govern the practice and procedure in all cases to which this Order applies.

- The civil actions listed in Attachment A have been consolidated for pretrial purposes.  This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any person or entity a party to any action in which that party has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

- Counsel are required to familiarize themselves with this court's Local Rules, including the Addendum on Customary and Traditional Conduct and Decorum. However, the provisions of this Order supersede any inconsistent provisions of the court's Local Rules. Counsel must also

familiarize themselves with the current edition of the Manual for Complex Litigation, which is adopted by the court for general guidance.

- All outstanding discovery proceedings in the cases identified in Attachment A are STAYED, and no further discovery may be initiated pending entry of this court's CMO. The time requirements to perform any act or file any papers, pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the court sets a discovery schedule. Once the transfer of the case identified in the second Conditional Transfer Order, ECF No. 3, is finalized, discovery must be stayed and all time requirements are similarly tolled.

- Any motion that was pending before the transfer to this MDL court is no longer pending. Once a CMO is entered, the parties will be given an opportunity and a deadline to refile motions.

- Prior to the entry of a formal protective order, all parties must take reasonable steps to preserve documents and other records (including electronic documents) containing information potentially relevant to the subject matter of this litigation.

- Interim liaison counsel must provide a copy of this Order to attorneys and pro se plaintiffs in all cases that are newly filed with or transferred to this MDL court.

- Unless otherwise ordered by the court, all substantive communications with the court must be in writing through CM/ECF.  Interim liaison counsel is responsible for disseminating information to other plaintiffs' counsel and pro se plaintiffs as appropriate.

- The court recognizes that cooperation among counsel and parties is essential for the orderly and expeditious resolution of this litigation. The communication, transmission, or dissemination of information in connection with this MDL action among and between plaintiffs' counsel, or among and between defendants' counsel, will not, by itself, be deemed a waiver of the attorney-client privilege, the protection afforded by the work-product doctrine, the protection afforded to material prepared for litigation, the joint-prosecution or joint-defense privilege, or any other privilege to which a party may be entitled. Cooperative efforts between the parties and counsel must not in any way be: (1) used against any of the parties, (2) cited as purported evidence of a conspiracy, wrongful action, or wrongful conduct, or (3) communicated to the jury at the trial of any action. Nothing in this paragraph will in any way affect the applicability of any privileges or protection against disclosure otherwise available under the law.

- Any orders, including protective orders, previously entered by this court or any transferor district court or state court before removal remain in full force and effect, unless expressly vacated by subsequent order of this court to the extent any such order is not inconsistent with this Order.

- Questions regarding this MDL action may be directed to either the MDL Coordinator for the Clerk of Court's Office, Donna Bajzik, at (850) 470-8188 or Donna_Bajzik@flnd.uscourts.gov, or to the law clerk assigned to this matter, Gwendelynn Bills at (850) 470-8144 or Gwendelynn_Bills@flnd.uscourts.gov.

The court expects to enter an order establishing docketing and filing procedures in the near future.

**DONE** and **ORDERED** on this 19th day of October, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**