UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:16-md-2734<br><br>Chief Judge M. Casey Rodgers<br>Magistrate Judge Gary Jones |

**ORDER**

This Order applies automatically to all actions listed in the JPML's Transfer Order, ECF No. 1, the first Conditional Transfer Order, ECF No. 7, and the second Conditional Transfer Order, ECF No. 11, as well as any other actions subsequently transferred to, removed to, or initiated in this MDL court, without the necessity of future motions or orders. The Clerk will maintain the docket and case files under this caption, and pursuant to the procedures set forth within this Order.[1]

I.  **Master Docket and File**

The Clerk will maintain a Master Docket in Case No. 3:16-md-2734 ("Master Docket"). The Master Docket currently includes those parties and counsel identified in the Order Establishing Interim Procedures, ECF No. 8. Once permanent Lead Counsel, Liaison Counsel, and/or Steering Committee members are appointed, those names will be substituted for interim counsel on the Master Docket. These positions

---

[1] The Clerk will also maintain a publicly available website relating to this MDL action, the development of which is currently in progress.

will appear on the docket report of the Master Docket as Lead Parties.  Any party filing a Notice of Appearance pertaining to an affiliated case, procedures for which are addressed in greater detail below, will be added to the Master Docket as Notice-Only parties.  Notice-Only parties will not appear on the docket report, but their attorneys of record will have full access to the Master Docket, including the ability to file.

## II.  Separate Dockets and Files

The Clerk will also maintain a separate docket for each related action that is originally filed in, removed to, or transferred to this MDL action ("individual case").  Each such individual case will be assigned a new case number in this court.  The appropriate filing fee must be paid to the Clerk of Court in all cases now or in the future made part of this MDL action.  The filing fee for all cases subject to the Transfer Order, ECF No. 1, the first Conditional Transfer Order, ECF No. 7, and the second Conditional Transfer Order, ECF No. 11, must be paid within 45 days of the entry of this Order.  Once the required Notice of Appearance is filed, attorneys will be added to the relevant individual case and will appear on that case's docket report.

## III.  Admission of Attorneys and Obtaining Electronic Filing Access

The Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("JPML") provide that "[a]ny attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court

Case No. 3:16-md-2734

of the United States to which such action is transferred." Rule 2.1(c).  In order to give effect to this rule, there are two application tracks for attorneys to appear in this MDL action who are not currently admitted to practice in the Northern District of Florida.[2]  The first track must be followed by attorneys of record in any action transferred by the Judicial Panel on Multidistrict Litigation who wish to continue representing their client(s) in this court.  The second track must be followed by attorneys in any related action later initiated in this court, which do not require Panel action pursuant to JPML Rule 7.2(a).

    A. <u>Attorneys of Record in Transferred Cases</u>

An attorney of record in an action transferred to this MDL action who is not already admitted to practice in the Northern District of Florida, must be administratively admitted through a modified *pro hac vice* application.  To be admitted through the modified *pro hac vice* process, an attorney of record must comply with the following requirements:

- Successfully complete the online Local Rules tutorial exam (http://www.flnd.uscourts.gov/attorneys/Tutorial/login.cfm)

- Complete the CM/ECF online tutorials (https://www.pacer.gov/ecfcbt/dc3/)

---

[2] This Order does not impact the ability of any attorney to apply for admission to the Northern District of Florida through the regular bar admissions process.

Case No. 3:16-md-2734

- Possess an updated PACER account (for instructions on how to obtain or update a PACER account see http://www.flnd.uscourts.gov/attorneys/NextGen.cfm)

Once these requirements are completed, the attorney must apply for admission to this MDL action. The instructions for this are available at the "Pro Hac Vice" link on the court's NextGen Account Help page, http://www.flnd.uscourts.gov/attorneys/NextGen.cfm. The application must make reference to this Order. These attorneys will not be required to pay a *pro hac vice* admission fee, file a motion to appear *pro hac vice*, or associate with local counsel.

   B. New Attorneys of Record

Attorneys who initiate cases in this court independent of the JPML transfer process must be admitted through the standard *pro hac vice* admission process established in the Attorney Admission Memo, available at http://www.flnd.uscourts.gov/attorneys/index.cfm. Their *pro hac vice* application must make reference to this Order. Although all other requirements for *pro hac vice* admission and appearance must be met for attorneys who initiate cases in this MDL court, association of local counsel is not required.

   IV. Notice of Appearance

All attorneys seeking to appear in this MDL action must file a Notice of Appearance. This Notice must be filed in both the Master Docket and the individual

Case No. 3:16-md-2734

cases for which the attorney is an attorney of record.  Even those attorneys who currently appear on the Master Docket are required to file a Notice of Appearance.

## V.     Electronic Filing

All documents filed by the parties in this MDL action must be filed electronically and in compliance with the Local Rules for the Northern District of Florida and the court's CM/ECF Attorney User Guide, which is available at http://www.flnd.uscourts.gov/attorneys/cmecf/index.cfm.  The Northern District of Florida uses NextGen CM/ECF, so an attorney's individual PACER account will serve as their login for electronic filing.  Any pleading, motion, or other document filed in any case that is now or in the future a part of this MDL action must be filed in this court and not with the transferor district court.

All pleadings, motions, and other documents served or filed in this MDL action must bear the same caption as this Order.  When a filing relates to all individual cases covered by this Order, the words "all cases" must appear immediately after or below the words "This Document Relates to" in the caption.  Filings related to all individual cases must be made in the Master Docket.  All such filings that relate to all individual cases will be deemed filed in each individual case when filed in the Master Docket.  When a filing relates to fewer than all individual cases, the separate caption and docket number assigned by the Clerk for each individual case to which the filing relates must appear immediately after or below

Case No. 3:16-md-2734

the words "This Document Relates to" in the caption.  Filings related to fewer than all individual cases must be made in the Master Docket and in each applicable individual case.

Attorneys admitted to the Northern District of Florida or admitted to practice in this MDL action as established above, may open their own civil case by filing the initiating documents (e.g., original complaints, notices of removal) and paying the filing fee by credit card online.  Initiating documents should not be sent directly to the Chambers of Chief District Judge M. Casey Rodgers or Magistrate Judge Gary R. Jones.

Questions about filings in this MDL action may be directed to:

> Donna Bajzik
> MDL Coordinator
> Northern District of Florida
> Clerk of Court's Office
> (850) 470-8188
> Donna_Bajzik@flnd.uscourts.gov

## VI.   Service of Documents

Service of documents in MDL Case No. 3:16-md-2734 is made pursuant to the Federal Rules of Civil Procedure.  This Order will be provided electronically to the persons named as Interim Co-Lead Counsel for Plaintiffs, Interim Liaison Counsel for Plaintiffs, and attorneys for defendants listed in the Order Establishing Interim Procedures, ECF No. 8.  Those attorneys are required to forward a copy of

this Order to other attorneys or pro se plaintiffs who have appeared in any action transferred to this court.

### VII.   List of Affiliated Companies

To assist the court in identifying any issue or matters of recusal or disqualification, any corporate party to this MDL action must file, no later than thirty (30) days from receipt of this Order, a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or state that there is no such corporation.

**DONE** and **ORDERED** on this 21st day of October, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**