**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:16-md-2734<br><br>Chief Judge M. Casey Rodgers<br>Magistrate Judge Gary Jones |

**ORDER ON PROCEDURES FOR DIRECT FILING AND
MASTER PLEADINGS**

**I.   SCOPE AND APPLICABILITY OF ORDER**

1. <u>Scope of Order</u>. This Stipulated Order will govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("Panel") pursuant to its order of October 3, 2016, any tag-along actions transferred to this Court by the Panel, and any related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto as part of *In re: Abilify (Aripiprazole) Products Liability Litigation*, MDL No. 2734 (collectively, "the MDL proceedings").

2. <u>Application to All Parties and Counsel</u>. This Order and all subsequent practice and procedure or case management orders will be binding on all parties and their counsel in all cases currently pending or subsequently transferred or removed

to or originally filed in the MDL proceedings and will govern each case in the MDL proceedings unless the order explicitly states that it relates only to specific cases.

## II. DIRECT FILING OF CASES IN MDL NO. 2734.

3. <u>Direct Filing Permitted</u>.  To promote judicial efficiency and eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts, any Plaintiff whose case would be subject to transfer to MDL No. 2734 may file his or her case directly in the Northern District of Florida, Pensacola Division.  The direct filing of actions in MDL No. 2734 is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407.  Each case filed directly into MDL No. 2734 must identify a "Designated Forum," i.e., the federal district in which the Plaintiff would have filed his or her case in the absence of direct filing.

4. <u>Venue for Pretrial Purposes</u>.  All Defendants[1] stipulate and agree that they will not assert any objection of improper venue pursuant to Fed. R. Civ. P. 12(b) as to any Abilify-related cases filed directly in the Northern District of Florida that emanate from Designated Forums outside of the Northern District of Florida and that are filed in this multidistrict litigation proceeding for pretrial purposes.  Each case filed directly into MDL No. 2734 by a Plaintiff who resides in a Designated

---

[1] The references to "all Defendants" herein does not constitute an appearance for any Defendant not properly served.

Case No. 3:16-md-2734

Forum other than the Northern District of Florida will be filed into MDL No. 2734 for the purposes of pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's October 3, 2016 Transfer Order.

5. <u>No *Lexecon* Waiver</u>. For cases filed directly into MDL No. 2734, the Parties preserve and do not waive any and all rights under *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26 (1998), to have each case remanded to the Designated Forum for trial.

6. <u>No Determination Regarding Jurisdiction or Venue</u>. The inclusion of any case in MDL No. 2734, whether such case was or will be filed originally or directly in the Northern District of Florida, or transferred or removed to the Northern District of Florida, does not constitute a determination by this Court that jurisdiction or venue is proper in this District or any other Designated Forum.

7. <u>No Impact on Choice of Law</u>. The fact that a case was filed directly in MDL No. 2734 pursuant to this Order will have no impact on choice of law, including the statute of limitations that otherwise would apply to an individual case had it been filed in another Designated Forum and removed and/or transferred to this Court.

### III. MASTER CONSOLIDATED COMPLAINT AND CORRESPONDING "SHORT FORM" COMPLAINT.

8. <u>Purpose of Master Pleadings</u>.  In light of the number of Complaints filed to date and that may be filed in the future in MDL No. 2734, and the inefficiencies of drafting those Complaints and individual Answers to those Complaints, the Parties have agreed to the following procedures for the use of Master Pleadings.  Nothing in this Order is intended to alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as otherwise provided herein or in any subsequent Order.

9. <u>Deadline for Master Consolidated Complaint</u>.  As directed by prior Order (ECF No. 67, at 3), on or before November 28, 2016, the Plaintiffs' Liaison Counsel must file in MDL No. 2734 a Master Consolidated Complaint along with a corresponding Master "Short Form" Complaint.

10. <u>Complaints Filed or Transferred Before Date of Master Consolidated Complaint</u>.  Any Plaintiff who filed (or files) a Complaint in MDL No. 2734 or had (or has) a Complaint transferred to this MDL before the date on which Plaintiffs Liaison Counsel files the Master Consolidated Complaint may file a Short Form Complaint within 120 days after the Court enters an order approving and adopting the Master Consolidated Complaint.  Each Short Form Complaint must indicate those counts in the Master Compliant that are being asserted in the individual case and the specific consumer protection statute, if any, which the Plaintiff relies.  For

Case No. 3:16-md-2734

purposes of statutes of limitations and statues of repose, any such Plaintiff will be deemed to have filed his or her Complaint as of the date he or she filed his or her original Complaint and not the date of the Master Consolidated Complaint or the date he or she filed his or her Short Form Complaint.

11. <u>Complaints Filed On or After Date of Master Consolidated Complaint</u>. Any Plaintiff who files a Complaint directly in MDL No. 2734 after the date on which the Court enters an order approving and adopting the Master Consolidated Complaint must file a Short Form Complaint. Each Short Form Complaint must indicate those counts in the Master Compliant that are being asserted in the individual case and the specific consumer protection statute, if any, which the Plaintiff relies.

12. <u>Amended Short Form Complaints</u>. Nothing in this order limits Plaintiffs' right to seek leave of court to amend a Short Form Complaint as provided in the Federal Rules of Civil Procedure. Further, Plaintiffs may file an Amended Short Form Complaint *without* leave of court to assert any Loss of Consortium claim(s), substitute the proper plaintiff, and/or add an heir, estate, executor, successor, personal representative, or other proper party in the event that substitution is necessary. Defendants will not be deemed to have consented to any such amendments by virtue of this order and their right to challenge any amendment adding such claim(s) and/or party is preserved.

Case No. 3:16-md-2734

## IV. MASTER ANSWER.

13. <u>Deadline for Master Answer or Motion to Dismiss</u>.  The Defendants must file and Answer and/or Motion to Dismiss the Master Consolidated Complaint within sixty (60) days of the date on which the Court enters an order approving and adopting the Master Consolidated Complaint.

14. <u>Master Answer Deemed Adopted in All Cases</u>.  The Master Answer will be deemed to be the Answer to all properly served Complaints, whether Short Form or otherwise, in any case now or in the future pending in MDL No. 2734, including those cases transferred to MDL No. 2734 pursuant to 28 U.S.C. § 1407, filed directly in MDL No. 2734 as authorized herein, or removed to this Court and included in MDL No. 2734.  Defendants are hereby relieved of the obligation to file any further Answer to any Complaint not yet answered and/or any Complaint in a case subsequently transferred to or consolidated with MDL No. 2734, unless otherwise ordered by this Court.  For cases in MDL No. 2734 that do not utilize the Master Consolidated Complaint, the Master Answer will be deemed the answer to those allegations that correspond to the allegations of the Master Consolidated Complaint, and will be deemed a denial of any allegations not contained in the Master Consolidated Complaint.

15. <u>Master Answer Deemed Filed in Thirty (30) Days.</u> The Master Answer will be deemed filed in thirty days (30) after the filing of a Short Form Complaint or transfer to MDL No. 2734, whichever is later.

16. <u>Master Answer Without Prejudice to Individual Motions to Dismiss</u>. The adoption of the Master Answer in every case is without prejudice to Defendants later moving to dismiss certain counts alleged in the Master Consolidated Complaint (at the appropriate time in any individual Plaintiff's action), asserting any affirmative defenses, filing an Amended Answer to address specifically any individual Complaints described below, or otherwise challenging the sufficiency of any claim or cause of action in any Complaint under the applicable state's law, including cases that may be selected for inclusion in a discovery pool or bellwether trial pool. Any proposed Order submitted to this Court for a process of selecting cases for inclusion in a discovery pool or bellwether trial pool must include a proposed procedure for the filing of dispositive motions applicable to those cases. Furthermore, by agreeing to the procedures for filing the Master Consolidated Complaint and Short Form Complaints, Defendants have not agreed to or admitted the allegations set forth in those documents, nor have Defendants conceded or waived their right to dispute the legal validity of the claims alleged therein.

Case No. 3:16-md-2734

17. <u>Defendant Otsuka Pharmaceutical Co., Ltd.'s ("OPC") Omnibus Motion to Dismiss for Lack of Personal Jurisdiction.</u>  As established by Case Management Order No. 1 in this multidistrict litigation, Defendant OPC's omnibus motion to dismiss on personal jurisdiction grounds will be filed by January 23, 2017, and will be deemed to apply to all properly served Complaints, whether Short Form or otherwise, in any case now or in the future pending in MDL No. 2734, including those cases transferred to MDL No. 2734 pursuant to 28 U.S.C. § 1407, filed directly in MDL No. 2734 as authorized herein, or removed to this Court and included in MDL No. 2734.  This Court will construe OPC's motion as objecting to personal jurisdiction in each Designated Forum.  By agreeing to the procedures for filing the Master Consolidated Complaint and Short Form Complaints and direct filing into MDL No. 2734 as authorized herein, OPC has not consented to personal jurisdiction in any Designated Forum, nor has it waived its defense of lack of personal jurisdiction.

18. <u>Voluntary Dismissals.</u>  As set forth herein, after the Master Answer has been filed in MDL No. 2734, it will be deemed adopted in every case.  As a result, following the filing of the Master Answer, any Plaintiff who wishes to voluntarily dismiss any case filed in or transferred to MDL No. 2734 must comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Case No. 3:16-md-2734

## V.   SERVICE OF PROCESS.

19.   <u>Service of Process</u>.  The parties will meet and confer with respect to the service of process on Defendants and inform the court of the status of this agreement by December 5, 2016.

**DONE** and **ORDERED** on this 28th day of November, 2016.

<i>M. Casey Rodgers</i>
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**