UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS LIABILITY LITIGATION | Case No. 3:16-md-2734 |
| This Document Relates to All Cases | Chief Judge M. Casey Rodgers<br>Magistrate Judge Gary Jones |

# DISCOVERY CONFERENCE ORDER NO. 1

The Court held a discovery conference call on November 22, 2016.[1] Attending by phone were attorneys Kristian Rasmussen, Gary Wilson, Bryan Aylstock, Troy Rafferty, Munir Meghjee, and Megan McKenzie for Plaintiffs, attorneys Larry Hill, Anand Agneshwar, and Lauren Colton for Bristol-Myers Squibb, and attorneys Matthew Campbell and Luke Connelly for Otsuka Pharmaceutical Co. and Otsuka America Pharmaceutical, Inc. (collectively "the Otsuka Defendants"). This order serves to memorialize the key topics of discussion during the call, including any agreements of counsel and orders of the Court.

**Science Day**

The purpose of Science Day is not to test the evidence or weigh the strength of any scientific theories. Rather, Science Day will be conducted in an effort to familiarize the Court with the medical science relevant to the litigation, so that the undersigned is in the best position possible to manage the case as it proceeds. The

---

[1] With the parties' consent, this conference call was held off the record. All future discovery conference calls will be handled in the same manner, with a memorializing order to follow.

Case No. 3:16-md-2734

goal is to educate the undersigned about how Abilify works on the brain and/or body and the scientific theories underlying this litigation.

The parties proposed the following parameters for Science Day, which are acceptable and adopted by the Court: (1) one hour per side, (2) off of the record and not binding on the parties, and (3) the presentations limited to scientific evidence equally available to all parties. The parties also proposed that the presentations be made by the lawyers; however, the Court declines this suggestion in favor of presentations by scientists or medical experts. These expert presentations may be guided by the attorney presenting the expert, but there will be no cross examination by opposing counsel. Only the undersigned will question the experts.

Regarding the scope of Science Day, the parties stated that they are negotiating the topics to be covered. The Court would appreciate this input. By January 23, 2017, Plaintiffs and Defendants will each provide the Court with up to twenty relevant scientific articles and jointly file a proposal for topics to be covered.[2] The articles should be both emailed to flnd_rodgers@flnd.uscourts.gov and submitted in a hard copy format to chambers. After reviewing these materials and joint proposal, the Court will enter an order outlining the topics to be covered.

Additionally, Science Day will be conducted in open court, but the proceeding is intended to be informal and the experts will not be under oath. Any attorney or

---

[2] Defendants should only make one submission for all Defendants.

Case No. 3:16-md-2734

party may attend either in person or by teleconference. However, no one other than the undersigned, Magistrate Judge Gary Jones, and New Jersey Judge Jim DeLuca will be permitted to ask questions of the experts. The presentations will be recorded, but the recording will only be available to the Court, not the parties.

**Data Management Firm**

No party has an objection to the use of BrownGreer PLC and its MDL Centrality tool for this litigation, and the parties are currently reviewing written proposals from BrownGreer. The parties agree that any arrangement with BrownGreer should be completed in time to allow BrownGreer to present at the February 22, 2017 Case Management Conference. The parties are continuing to confer about the Plaintiffs' fact sheets and profile form.

**Direct Filing Order, Master Complaint, Short Form Complaints, and Discovery**

Since the time of the conference call and the entry of this Order, the Court entered an Order on Procedures for Direct Filing and Master Pleadings (ECF No. 106). Additionally, the parties have submitted a Master Consolidated Complaint, Master Short Form Complaint, and a Proposed Order approving the same (ECF No. 108), as well as, Proposed Stipulated Pretrial Order Regarding the Scope of General Causation Discovery (107).

**Pre-Case Management Conference Meetings**

Defendants are entitled to have representation equal to that of the Plaintiffs at the pre-Case Management Conference meetings. Defendants' Liaison Counsel is expected to attend the meeting, but Defendants may choose one or two additional representatives (depending on the number of Plaintiffs' representatives).

Additionally, the parties expressed an interest in having additional attorneys attend the meeting on an as-needed basis, in the event a particular issue arises on which a non-leadership attorney has specialized knowledge. This is acceptable so long as the parties inform the Court in advance who they expect to attend and the reason. The parties should also be mindful that this meeting should not turn into an all-inclusive case management conference.

**Joint Settlement Committee**

In the interest of ensuring fair and equal representation on the Joint Settlement Committee, this committee will be comprised of four attorneys: two for Plaintiffs, one for Bristol-Myers Squibb, and one for the Otsuka Defendants.

**DONE** and **ORDERED** on this 29th day of November, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**