# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:16-md-2734<br><br>Chief Judge M. Casey Rodgers<br>Magistrate Judge Gary Jones |

## CASE MANAGEMENT ORDER NO. 3

The Court held a Third Case Management Conference in this matter on March 1, 2017. This Order serves as a non-exhaustive recitation of the key points of discussion between the Court and counsel at the conference.

**I. General Causation Discovery**

This issue has been resolved on stipulation of the parties, ECF No. 234.

**II. Workup of Individual Cases**

The parties also discussed the workup of the cases originally filed in the Northern District of Florida. While six cases were originally included in this plan, the parties informed the Court that they intend to move to dismiss one of the cases, *Johnson v. Bristol-Myers Squibb Company et al.*, 3:16-cv-594, due to a lack of complete diversity of the parties. During the Case Management Conference, the parties were ordered to file a motion to dismiss the *Johnson* case by March 8, 2017. No such motion has been filed, nor have the parties requested an extension of this deadline. The parties must file this motion by March 13, 2017.

After learning of the jurisdictional concern in the *Johnson* case, the Court conducted a review of the currently pending cases. Two other cases also have plaintiffs who reside, by their own admission, in New York state. *See Gage v. Bristol-Myers Squibb Company et al.*, 3:16cv615, ECF No. 12, at 2; *Vaglio v. Bristol-Myers Squibb Company et al.*, 3:16cv722, ECF No. 1, at 3. Additionally, the Master Long Form Complaint lists Defendant Ostuka America Pharmaceutical, Inc.'s principal place of business as New Jersey, yet the Court has identified one plaintiff who resides in New Jersey. *See Centanni v. Bristol-Myers Squibb Company et al.*, 3:16cv710. Therefore, the parties must either move to dismiss these cases or submit a joint motion explaining why jurisdiction is proper by March 13, 2017.

The parties are also concerned with the burden of meeting the general causation discovery deadlines while also meeting the Court's timeline to begin trying the five remaining cases. The Court is willing to postpone the first trial from December 2017 to June 2018. In light of this change, the Joint Discovery Committee must submit a new proposed schedule for the workup of these cases by March 17, 2017.

### III. Pending Motions

During the Conference, Plaintiffs orally moved to withdraw their Motion for Entry of Case Management Order Governing the Rules and Procedures Regarding the Authorization and Release of Protected Information Relating to Individual

Claimants, ECF No. 189. This motion was granted. Plaintiffs also reached an agreement with Defendants regarding the pending request to limit defense counsel's contact with treating physicians.[1]

## IV.   Future Filing

Finally, the parties are advised that future submissions to the Court should be filed in the docket and be compliant with the Court's Local Rules, including Rules 5.1 and 7.1.

**DONE** and **ORDERED** on this 9th day of March, 2017.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] This agreement is reflected in the Court's Order Regarding Contact with Physicians, ECF No. 235.

Case No. 3:16-md-2734