IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: ABILIFY (ARIPIPRAZOLE)
PRODUCTS LIABILITY LITIGATION,        Case No. 3:16-md-2734

                                      Chief Judge M. Casey Rodgers
                                      Magistrate Judge Gary Jones

This Document Relates to All Cases
_____/

## O R D E R

This matter is before the Court on Defendants' Motion to Strike Errata Sheet of Deponent Darryl Lyons. (ECF No. 816.) Plaintiffs have filed a response in opposition, (ECF No. 814), and the motion is otherwise ripe for review. For the following reasons, Defendants' motion to strike is denied.

## I. Introduction

Plaintiff Fanny Lyons is one of three trial pool plaintiffs in this multidistrict Abilify® products liability litigation. Plaintiff Lyons took Abilify® from January 2009 through January 2014 and now claims that Abilify® caused her to develop compulsive gambling behaviors, which resulted in substantial financial, mental, and physical damages.

During discovery Defendants deposed not only Plaintiff Lyons, but also her husband, Darryl Lyons. At Mr. Lyons' deposition on January 5,

2018, defense counsel asked questions to Mr. Lyons pertaining to his wife's use of Abilify between 2009 and 2014. On February 16, 2018, after conclusion of the deposition and review of the transcript, counsel for Ms. Lyons submitted an errata sheet containing twelve proposed changes to Mr. Lyons' testimony.

Defendants challenge the following seven changes in the errata sheet:

(1) "Q. Did you have an argument about spending more than once? A. A couple times."[1] Change: "A couple times." Should be "More than a couple times.";

(2) "Q. And did – did you ever attempt to put you or Ms. Lyons on a budget related to your gambling? A. No. Q. And have you ever done that? A. No."[2] Change: "No." Should be "No, but I would take a set amount.";

(3) "Q. And did you feel that both you and Ms. Lyons were spending too much in casinos? A. Yes."[3] Change: "Yes." Should be "Yes, I thought she was gambling too much and spending too much on gambling.";

---

[1] *See* ECF No. 817-4, Ex. D at 62:6–8 ("D.Lyons Dep.").

[2] *Id.* at 64:2–6.

[3] *Id.* at 84:8–10.

(4) "Q. Have you ever thought she was addicted to gambling? A. No."[4] Change: "No." Should be "No, but I thought she was gambling too much and spending too much on gambling.";

(5) "Q. Did you ever suggest to her that she had a gambling problem? A. Never."[5] Change: "Never." Should be "Never, but I thought she was gambling too much and spending too much on gambling and we had arguments about that.";

(6) "Q. Did you ever think she needed help? A. Never."[6] Change: "Never." Should be "Never, but I thought she was gambling too much and spending too much money on gambling and we had arguments about that."; and

(7) "Q. And have you ever encouraged her to stop gambling? A. No."[7] Change: "No." Should be "No, but I thought she was gambling too much and spending too much on gambling and we had arguments about that." (ECF No. 817 at 7–8.) Each proposed change is labeled as a correction and references portions of Mr. Lyons testimony later in the deposition as

---

[4] *Id.* at 85:19–21.

[5] *Id.* at 87:8–10.

[6] *Id.* at 87:14–15.

[7] *Id.* at 92:6–8.

the explanation for the proposed change. (*Id.*)

Defendants argue that the changes exceed the bounds of Federal Rule of Civil Procedure 30(e) because they are not merely corrections to Mr. Lyons' testimony, but are instead substantive, contradictory, material changes. Defendants point out that although Mr. Lyons asked counsel on multiple occasions during the deposition to repeat or rephrase a question to make sure he understood the question, Mr. Lyons expressed no confusion in answering questions that, Defendants say, undercut Ms. Lyons' claim that she gambled pathologically. Defendants emphasize that Mr. Lyons is the only witness, who can corroborate Ms. Lyons' claim of pathological gambling because she never reported to anyone that she gambled, never sought any type of treatment for gambling, and never took out a loan or went into debt to gamble. Defendants characterize Mr. Lyons' errata sheet changes as nothing more than an attempt to revise his testimony to remedy a glaring deficiency in Ms. Lyons' case by providing proof of injury.

Plaintiffs explain that the errata sheet changes are merely clarifications or extensions of Mr. Lyons' testimony, which were made so his responses could be as accurate as possible and not taken out of

context. (ECF No. 814.) Defendants emphasize that the proposed changes

are consistent with Mr. Lyons' later deposition testimony, as well as Ms.

Lyons' deposition testimony.

## II. Discussion

Resolution of the motion starts with the applicable rule. Rule 30(e) of

the Federal Rules of Civil Procedure provides:

> On request by the deponent or a party before the deposition is
> completed, the deponent must be allowed 30 days after being
> notified by the officer that the transcript or recording is available
> in which:
>> (A) to review the transcript or recording; and
>> (B) if there are *changes in form or substance*, to sign a
> statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1) (emphasis added).

While the plain language of Rule 30(e) provides for changes in

substance of deposition transcripts, there is a split of authority as to

whether substantive alterations are permissible.

Some courts have adopted a narrow interpretation of Rule 30(e) and

only permit corrections of typographical or transcription errors—not

substantive modifications to deposition testimony. *See, e.g. Hambleton*

*Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225–26 (9th Cir.

2005) ("We agree with our sister circuits' interpretation of FRCP 30(e) on

this point, and hold that Rule 30(e) is to be used for corrective, and not contradictory changes."); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) ("We also believe . . . that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'"); *see also Burns v. Bd. of Cty. Comm'rs of Jackson Cty.*, 330 F.3d 1275, 1282 (10th Cir. 2003) ("[T]he Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses.").

Other courts, however, have adopted a broad reading of Rule 30(e), thereby permitting substantive changes. *See, e.g. Alabama Aircraft Industrs., Inc. v. Boeing Co.*, No. 2:11-cv-03577-RDP, 2017 WL 4570829, at *4 (N.D. Ala. May 22, 2017) (denying motion for protective order to exclude errata sheet corrections in light of the differing approaches taken by courts and because defendant would be able to cross examine the deponent about his testimony and inconsistencies at trial), *report and recommendation adopted*, 2017 WL 4572487, at *1 (N.D. Ala. June 21, 2017); *Unlimited Res. Inc. v. Deployed Res., LLC*, No.3:07-CV-961-J-25

MCR, 2010 WL 55613, at *3 (M.D. Fla. Jan. 5, 2010) (reviewing cases interpreting Rule 30(e) and concluding that the cases adopting a broad view of the Rule are more persuasive because the text of the Rule explicitly refers to changes in substance and because there are safeguards to prevent the likelihood of abuse of Rule 30(e)); *Cultivos Yadran S.A. v. Rodriguez*, 258 F.R.D. 530, 533 (S.D. Fla. 2009) (denying motion to strike substantive errata sheet changes because the majority view interpreting Rule 30(e) broadly "is in line with the plain language of Rule 30(e) which contemplates 'changes in form or substance'" and "furthers the purpose of the discovery process—to allow the parties to elicit the true facts of a case before trial").

This Court recently addressed the scope of Rule 30(e) and concluded that the better view is to read Rule 30(e) broadly and permit substantive changes. *Lee-Bolton v. Koppers Inc.*, No. 1:10-cv-253-MCR-GRJ, 2015 WL 11111046, at *2 (N.D. Fla. June 15, 2015). As the Court explained in *Lee-Bolton* this approach makes more sense for several reasons. First, the plain language of Rule 30(e) contemplates changes in substance of deposition testimony. *Id.* Second, allowing deponents "to clarify testimony and correct errors 'furthers the purpose of the discovery

process—to allow the parties to elicit the true facts of a case before trial.'"

*Id.* (quoting *Cultivos Yadran*, 258 F.R.D. at 533)). Third, "safeguards are available to prevent against possible abuse or prejudice stemming from Rule 30(e) modifications," including reading the original answers—which remain a part of the record—at trial and reopening the deposition to confront the changes. *Id.* (citing *Unlimited Res. Inc.*, 2010 WL 55623, at *3); *see also Alabama Aircraft Industrs.*, 2017 WL 4570829, at *4 (finding that defendant would "not be unduly prejudiced by permitting the changes in testimony as it [would] be able to cross examine [the deponent] about his testimony and inconsistencies at trial," and recommending that defendant be entitled to reopen deponent's deposition to question him only about his corrections).

While recognizing that the Eleventh Circuit has not explicitly adopted one view or the other on this issue, Defendants suggest that the Eleventh Circuit has signaled it would align with the courts adopting a narrow reading of Rule 30(e). *See* ECF No. 817 at 9–10 (citing *Reynolds v. Int'l Bus. Machs. Corp.*, 320 F. Supp. 2d 1290, 1301 (M.D. Fla. 2004), *aff'd*, 125 F. App'x 982 (11th Cir. 2004);[8] *Norelus v. Denny's, Inc.*, 628 F.3d

---

[8] *Reynolds* was summarily affirmed by the Eleventh Circuit without opinion.

1270, 1281 (11th Cir. 2010)). A close reading of the cases Defendants say suggest the Eleventh Circuit would adopt their view does not support this conclusion. As this Court previously explained in *Lee-Bolton*, *Reynolds* addressed whether it was proper to disregard an errata sheet in ruling on a motion for summary judgment where the errata sheet sought to materially change testimony that destroyed the plaintiff's prima facie case. *Lee-Bolton*, 2015 WL 11111046, at *2. That is not the situation here. There is no motion for summary judgment pending so Mr. Lyons' proposed changes do not compromise Defendants' ability to oppose a dispositive motion.

Likewise, the issue before the court in *Norelus* was vastly different from the issue here. In *Norelus*, the Eleventh Circuit affirmed a district court's imposition of sanctions on plaintiff's attorneys finding the attorneys' submission of a "novella-length errata sheet" improper because it attempted "to alter their client's deposition testimony in 868 ways," which "rendered the eight days spent on [the plaintiff's] deposition a waste of time and money." 628 F.3d at 1281–82. Notably, however, the Eleventh Circuit did not unequivocally adopt either the broad or narrow view of Rule 30(e). *See id.* (citing cases adopting the narrow view as well as cases adopting the broad view of Rule 30(e)). This case, of course, is not before the Court

on a motion for sanctions. Nor do Mr. Lyons' limited seven proposed changes come anywhere near the 868 changes in *Norelus* that completely altered the plaintiff's entire deposition testimony.

Since the Court issued its order in *Lee-Bolton* the only Eleventh Circuit decision dealing with Rule 30(e) is *Mason v. United Parcel Serv. Co. Inc.*, 674 F. App'x 943, 953 (11th Cir. 2017). This case does not signal the Eleventh Circuit would align itself with the narrower view. In *Mason* the Eleventh Circuit affirmed a district court's denial of a motion to strike a deposition errata sheet finding that the court's conclusion was not an abuse of discretion. Specifically, the Eleventh Circuit concluded that "[t]he district court's determination that the errata sheets were merely 'clarifications' was not a clear error in judgment, as the changes were consistent with other evidence presented . . . ." *Id.* The Eleventh Circuit also noted that although the motion to strike was filed while the motion for summary judgment was pending, the district court "explicitly stated that it did not use the changed answers in making its summary judgment determination." *Id.*

The Eleventh Circuit's decisions in *Mason*, *Reynolds*, and *Norelus*, taken together, suggest two things. First, that substantive changes are

permissible under Rule 30(e), so long as the changes are clarifications and not wholly contradictory to the prior testimony. Second, that material changes to errata sheets should not be used to create a genuine dispute of a material fact in opposing a dispositive motion.

Mr. Lyons' proposed changes do not prejudice Defendants because there is no dispositive motion pending in Ms. Lyons' case. The available safeguards also will prevent against any possible abuse or prejudice stemming from the modifications. Defendants are free to use the changes in testimony in examining Mr. Lyons at trial and may use the changes in testimony to show inconsistencies in Mr. Lyons' testimony.

But even if the Rule only permitted clarifications of testimony and not changes designed to contradict and materially change a witnesses' testimony, Mr. Lyons' changes, unlike the proposed changes in *Reynolds* and *Norelus* clarify—and do not contradict—his original responses. Furthermore, Mr. Lyons' clarifications in the errata sheet are consistent with and generally supported by his later deposition testimony.

For example, Mr. Lyons seeks to change his response to the question "did you ever attempt to put you or Ms. Lyons on a budget related to your gambling," from "[n]o" to "[n]o, but I would take a set amount." As

referenced in the errata sheet as the reason for the change, later in his deposition Mr. Lyons testified that when he went gambling he "would take a set amount of money and put it in [his] wallet or . . . in an envelope," and "once that money ran out, it ran out."[9]

Mr. Lyons also includes in the errata sheet a change in his response to the questions "[h]ave you ever thought she was addicted to gambling," from "[n]o," to "[n]o, but I thought she was gambling too much and spending too much and spending too much on gambling." Consistent with testimony later in his deposition Mr. Lyons testified that there were instances where he discussed with Ms. Lyons concerning her spending less money gambling.[10]

Similarly, Mr. Lyons in the errata sheet changes his response to "[d]id you ever think she needed help," from "[n]ever," to "[n]ever, but I thought she was gambling too much and spending too much money on gambling and we had arguments about that." Mr. Lyons later testified that he and Ms. Lyons had arguments about the amount of money that she was losing gambling.[11]  The other four proposed changes—which are remarkably

---

[9] D.Lyons Dep. at 145:22–25.

[10] *Id.* at 144:1, 144:16.

[11] *Id.* at 141:5.

similar to these three changes in the errata sheet—are also supported by Mr. Lyons' later deposition testimony, consistent with Plaintiffs' references.

Accordingly, for these reasons, the Court concludes that the changes to Mr. Lyons' testimony reflected in the errata sheet are permissible under Federal Rule of Civil Procedure 30(e)—even if Rule 30(e) was read to prohibit a witness from contradicting in an errata sheet his sworn testimony given at his deposition.

Upon due consideration, it is **ORDERED**:

Defendants' Motion to Strike Errata Sheet of Deponent Darryl Lyons, ECF No. 816, is **DENIED**.

**DONE AND ORDERED** this 4th day of April 2018.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge