IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: ABILIFY (ARIPIPRAZOLE)
PRODUCTS LIABILITY LITIGATION,

Case No. 3:16-md-2734

Chief Judge M. Casey Rodgers
Magistrate Judge Gary Jones

This Document Relates to the Trial
Pool Cases
_____/

# O R D E R

This matter is before the Court on Plaintiffs' Disclosure Motion Regarding Two Documents Defendant Bristol-Myers Squibb Company Claims Are Privileged and Inadvertently Disclosed. ECF No. 737. Defendant Bristol-Myers Squibb Co. has filed a memorandum of law in opposition to Plaintiffs' motion. ECF No. 770. The matter is otherwise ripe for resolution.

## INTRODUCTION

Plaintiffs' motion concerns Plaintiffs' use of an October 25, 2007 internal Bristol-Myers Squibb Co. ("BMS") email and PowerPoint titled "NS Marketing Team Meeting, October 25, 2007,"[1] during the January 31,

---

[1] BMS_0004429885-9886. This number refers to the Bates number assigned to these documents.

2018, deposition of Altaf A. Shamji, BMS' executive director for Abilify marketing from February 2007- December 2008. The PowerPoint discussed, among other things, BMS' Corporate Integrity Agreement. ("CIA".)

During Mr. Shamji's deposition BMS' counsel objected that the PowerPoint was beyond the scope of the Court's ruling about the permissible areas of inquiry concerning the CIA. ECF No. 734. Later in the deposition BMS' counsel objected on the grounds that the use of the PowerPoint contained "privileged ... confidential information [that] was inadvertently produced, in particular the section that was drafted by and presented by legal." BMS' counsel expressly advised Plaintiffs before the conclusion of the deposition that they would be "exercising our clawback rights under our protective order."

After the deposition was concluded BMS sent an email to Plaintiffs confirming that BMS sought to claw back the email and PowerPoint as inadvertently produced.[2] Although the email did not mention attorney-client privilege and did not contain a privilege log, BMS orally advised Plaintiffs at the deposition that BMS asserted a privilege because a section was

---

[2] ECF No. 770, Ex. C.

drafted by and presented by legal. On February 5, 2018, BMS sent Plaintiffs a notice and associated privilege log articulating the basis for clawing back the redacted email and PowerPoint attachment. BMS then produced redacted, replacement versions of the email and PowerPoint.

Plaintiffs say that BMS waived privilege because BMS failed to provide a written notice within two business days from the date of the deposition accompanied by a log articulating the privilege basis for the documents. Second, Plaintiffs argue that the redacted portions of the documents are not privileged because the documents do not convey legal advice.

## DISCUSSION

Turning first to the issue of timeliness, the Protective Order, details the procedure for clawing back a document inadvertently produced. ECF No. 185. When a document is used by a receiving party during a deposition—as was the case here—and the producing party wishes to assert a privilege over a document the producing party may provide notification orally at the deposition. BMS did so here when BMS' counsel objected to the use of the PowerPoint explaining that the document was privileged because it was presented and drafted by BMS attorneys.

Plaintiffs argue that BMS was required to do more to preserve the privilege. Plaintiffs assert that BMS also was required to confirm the assertion of its claw back right by sending written notification within two business days accompanied by a privilege log. BMS emailed the written notification accompanied by a privilege log on February 5, 2018.

Plaintiffs' argument on timeliness fails for two reasons. First, as a practical matter Plaintiffs were notified at the deposition on January 31, 2018 that BMS asserted a privilege over the documents based upon the fact that a section of the PowerPoint had been prepared by and presented by an attorney. BMS reaffirmed its assertion of its rights under the clawback that same day on January 31, 2018, when it sent a confirming email to Plaintiffs. While the confirming email was not accompanied by a privilege log, there was no mystery at that point that BMS asserted a privilege and sought to claw back the document, as it was entitled to do under the Protective Order.

Second, even if the January 31, 2018 confirming email was not strictly in compliance with the terms of the Protective Order because the email was not accompanied by a privilege log, BMS only was required to send written notification accompanied by a privilege log within two

business days of the deposition. Mr. Shamji's deposition was conducted on Wednesday January 31, 2018. BMS' second email accompanied by a privilege log was sent on Monday, February 5, 2018. While the February 5, 2018 email was sent on the third business day after the deposition, none of the information contained in the February 5, 2018, email or the attached privilege log contained any new information concerning the assertion of privilege, which Plaintiffs were not already aware of on January 31, 2018 when the oral assertion was made followed up by a confirming email.

Although BMS might not have followed the precise terms of the Protective Order, in the Court's view the one-day delay in sending the privilege log can charitably be described as a situation where the expression "no harm, no foul" applies. Plaintiffs cannot point to any prejudice they suffered or could have suffered as a result of the receipt of a privilege log one day late, which simply confirmed the privilege timely raised by BMS at the deposition and then confirmed in writing the same day. Consequently, Plaintiffs' argument that BMS waived its ability to claw back the email and PowerPoint is due to denied.

Second, and independent of whether BMS waived the right to claw back the documents, Plaintiffs claim that BMS cannot recall the documents

under the claw back because the redacted portions of the documents are not privileged.  In arguing that the documents are not privileged Plaintiffs focus upon the fact that a non-lawyer assisted in the creation of the PowerPoint, the PowerPoint contains factual information, and not legal advice, and that some of the information in the PowerPoint concerning the CIA was already public. Although these arguments have superficial appeal Plaintiffs' arguments ignore the context in which the documents were created and the purpose for which the documents were used.

    As to Plaintiffs' argument that the PowerPoint is not privileged because it was created by a non-lawyer, BMS affirmatively represents that the PowerPoint slides indeed were authored by both BMS employees and BMS in-house counsel, who worked collaboratively on the presentation. The fact that the meta data for the slides reflects only that a non-attorney was the author, does not fully resolve the issue. Take for an example, a situation in which an in-house counsel (or outside counsel) prepares a draft of a slide presentation to be presented to management level employees. While the final preparation of the PowerPoint slide deck may have been created by a paralegal or non-attorney, the information does not loose its privileged nature simply because the attorney did not perform the

ministerial function of actually preparing the PowerPoint deck. Thus, the fact that the meta data reflects the deck was prepared by a non-attorney has little relevance to whether the PowerPoint is protected by the attorney-client privilege.

Turning to the content of the redacted portions of the PowerPoint, Plaintiffs say that the those portions of the PowerPoint dealing with the CIA are not privileged because the PowerPoint does not contain any legal advice and instead simply contains factual background information regarding the CIA. Because the CIA information is factual and the information about the CIA was publicly known at the time, Plaintiffs assert that the attorney-client privilege does not apply and therefore BMS cannot recall the documents under the claw back.

Plaintiffs' argument misses the point of BMS' assertion of privilege. BMS not only asserts that the redacted portions of the PowerPoint dealing with the CIA were prepared by in-house counsel but importantly that the PowerPoint was part of a *presentation* by Regina Cavaliere, a Senior BMS counsel, made to BMS management employees. According to BMS, Ms. Cavliere's presentation was not simply a historical account of the CIA but instead was Ms. Caviliere's interpretation of the scope of BMS' obligation

under the CIA. The redacted portions of the PowerPoint specifically related to the presentation, which provided BMS employees with both factual background to the CIA and BMS counsel's interpretation of BMS' obligations under the CIA. The information in the slides in the PowerPoint therefore must be viewed in the context for which the slides were prepared and how the slides were used by BMS' in-house counsel in her presentation.

In evaluating whether the information in the PowerPoint is privileged the Court cannot view the PowerPoint slides in a vacuum, as Plaintiffs suggest, but rather must view the slides in the context in which they were prepared and how the slides were used. Because the information in the PowerPoint slides was prepared by in-house counsel (albeit with the assistance of a non-lawyer) and expressly was utilized by in-house counsel in a presentation to management employees concerning in-house counsel's interpretation of the scope of BMS' obligations under the CIA, the portions of the PowerPoint slide deck redacted by BMS are privileged and therefore BMS has the right under the claw back to recall those portions of the PowerPoint slide deck.

Accordingly, upon due consideration, it is **ORDERED**:

Plaintiffs' Disclosure Motion Regarding Two Documents Defendant

Bristol-Myers Squibb Company Claims Are Privileged and Inadvertently Disclosed, ECF No. 737, is **DENIED**.

**DONE AND ORDERED** this 17th day of September 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge