IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: ABILIFY (ARIPIPRAZOLE)    Case No. 3:16-md-2734
PRODUCTS LIABILITY LITIGATION

                                                          Chief Judge M. Casey Rodgers

This Document Relates to All Actions    Magistrate Judge Gary Jones

_____/

# O R D E R

Pending before the Court is Plaintiffs' Motion to Compel Production of Documents on Defendants' New Privilege Logs. ECF No. 644. Defendants have filed an opposition to the motion. ECF No. 664. After reviewing the Defendants' privilege logs the Court on January 29, 2018, identified nine (9) documents on BMS' privilege log and nine (9) documents on OPC's privilege logs for the Court to review *in camera*. ECF No. 687. The Court also permitted Plaintiffs to identify eighty (80) documents on OAPI's privilege logs for *in camera* inspection. OAPI was directed to submit twenty (20) additional documents for *in camera* inspection.

During the February 14, 2018, case management conference Plaintiffs advised that after they designated eighty (80) documents for *in camera* inspection, OAPI withdrew its privilege claim on twenty-seven (27) of the documents. At the case management hearing Plaintiffs requested

permission to supplement twenty-seven (27) additional documents from the privilege log to replace the documents for which OAPI withdrew its claim of privilege. The Court granted the request. The Court has now conducted an *in camera* inspection of all of the documents Defendants submitted.

For the reasons discussed below, the Court concludes that Plaintiffs' motion to compel is due to be granted as to some of the documents and is due to be denied as to the remaining documents on Defendants' privilege logs.

## I.  DISCUSSION

In their motion Plaintiffs raise again the same challenge to the sufficiencies of Defendants' logs, Plaintiffs previously advanced in Plaintiffs' motion to compel directed to Defendants' privilege logs for documents produced during causation discovery.[1] Defendants argue that Defendants' privilege logs "contain such pervasive inadequacies that the Logs as a whole should be considered legally insufficient." The Court previously addressed and rejected this same argument in the Court's December 29, 2017, order, which addressed Defendants' privilege logs

---

[1] ECF No. 562.

*Case No: 3:16-md-2734-MCR-GRJ*

produced in conjunction with causation discovery.[2]  Defendants current logs (while not perfect) contain the same information the Court previously found was sufficient to satisfy Defendants' obligation. Therefore, for the same reasons, explained in detail by the Court previously (all of which are incorporated into this order),[3] the current logs are legally sufficient to raise and assess the claims of privilege. Plaintiffs' request that the Court strike Defendants' privilege logs as a whole because of the claimed inadequacies is due to be denied.

Plaintiffs also again complain that OAPI and OPC refused to log attachments separately and that BMS, while listing the attachments separately, failed to describe the attachments in detail. The Court also addressed this issue in its December 29, 2017, order. In that order the Court directed Defendants to provide Plaintiffs with certifications as to challenged log entries for which attachments have been produced to reflect that Defendants do not independently claim privilege as to the attachment but only claim privilege because the disclosure of the attachment would invade the work product privilege or the attorney-client privilege. As the

---

[2] ECF No. 635.

[3] *Id.,* pp. 6-15.

Court concluded previously requiring Defendants' to provide certifications as to attachments previously produced cures the problem identified by Plaintiffs and renders Plaintiffs' complaints moot.

In the current motion Plaintiffs raise an issue not previously addressed in the Court's December 29, 2017 order assessing Defendants' privilege logs. Plaintiffs argue that OPC's failure to list the exact type of Japanese legal personnel OPC relied upon to invoke the attorney-client privilege prevents Plaintiffs from adequately assessing OPC's claims. Plaintiffs say this is important because in Japan the type of legal personnel involved is relevant to whether the attorney-client protection applies. According to Plaintiffs, there are three types of legal personnel in Japan: Bengoshi, who are licensed attorneys; non-Bengoshi, who are non-licensed law undergraduates; and Benrishi, who are patent lawyers.[4]

This distinction is important because attorney-client privilege does not apply to communications with unlicensed counsel.[5] *See, Honeywell,*

---

[4] *See,* Masamichi Yamamoto, *How Can Japanese Corporations Protect Confidential Information in U.S. Courts?* 40 VAND. J. TRANSNAT'L L. 503, 514 (2007).

[5] Neither party has offered any expert testimony proving up Japanese privilege law and no one argues that Japanese law concerning privilege, and not United States law, should apply to the claim of privilege. Privilege, of course, is controlled by Rule 501 of the Federal Rules of Evidence, which looks to principles of common law. Where foreign documents are involved courts have applied the "touch base" approach. Under

*Inc. v. Minolta Camera Co.,* U.S. Dist. LEXIS 5954, at *9 (D. N.J. May 15, 1990)(privilege denied where Japanese employee was not licensed to practice law); *Wultz v. Bank of China, Ltd.,* 979 F. Supp. 2d 479, 495 (S.D.N.Y. 2013).

This issue, however, has largely become moot. When OPC and OAPI provided their final privilege logs to the Court on January 23, 2018, as directed by the Court in its January 11, 2018 Order,[6] OPC advised the Court that none of their revised and remaining challenged claims of privilege are based solely on non-licensed legal personnel.[7] Thus, the Court is not required to further analyze as to any particular claim of privilege whether an individual identified on an email is a Bengoshi or a non-Begoshi.

---

this approach when the communications take place in a foreign country and involve foreign attorneys and proceedings, courts will apply the law of the country that has the "predominant interest" or "most direct and compelling interest" in the communications and the maintenance of their confidentiality. *See, e.g. Eisai Ltd. V Dr. Reddy's Laboratories, Inc.,* 406 F.Supp. 2d 341, 342-43 (S.D. N.Y. 2005).

[6] ECF 656.

[7] Defendants' counsel clarified at the January 4, 2019, hearing that all counsel identified in the emails over which an attorney client privilege was asserted are U.S. licensed attorneys and not solely Japanese licensed attorneys and thus their Japanese license status was not relevant. The Court scheduled the hearing with Defendants' counsel only for the purpose of providing the Court with further information necessary for the Court to correlate the documents provided for *in camera* inspection with the respective entries on the privilege logs.

Lastly, Plaintiffs again argue that Defendants' claims of privilege should be rejected because the primary purpose of the documents is scientific and product safety, business records, regulatory and labeling documents, or are publicity and promotional documents. The Court previously addressed these same "primary purpose" arguments during phase one discovery. As the Court explained there, "regardless of the subject matter of the communication the test 'is whether counsel was participating in the communications primarily for the purpose of rendering legal advice or assistance.'"[8] As the Court previously did when it conducted an in-camera review of the documents from phase one discovery, the Court has utilized these same principles in its review and assessment of the documents submitted by the parties for in-camera inspection.

The Court has attached hereto (under seal) the Court's rulings concerning privilege regarding each of the documents submitted for in-camera inspection. The attachments consist of: OPC's privilege log, OAPI's privilege log and BMS' privilege log.[9] The Court's rulings on

---

[8] ECF No. 635, p. 25.

[9] BMS_0004743243 either was not provided or the Court was unable to locate it. The redacted attachment beginning at BMS_0004743244 was provided but the page beginning at BMS_0004743243 was not. If BMS did not provide this document, BMs

*Case No: 3:16-md-2734-MCR-GRJ*

privilege are noted in the last column of each log only for the documents provided to the Court for *in camera* inspection. As to the entries on the privilege logs for which documents were not selected for *in camera* inspection, Defendants are directed to review each of these documents to ensure the claim of privilege is consistent with the Court's rulings as to the *in camera* documents.

To the extent that Plaintiffs contend that any documents identified on the privilege log, which were not selected for *in camera* inspection, are subject to a further challenge to privilege based upon the Court's rulings regarding the selected *in camera* documents, Plaintiffs first should meet and confer with Defendants concerning the challenge to privilege. To the extent that the issue is not resolved after the meet and confer, Plaintiffs may file a motion with the Court identifying any additional documents Plaintiffs contend the Court also should examine *in camera.* Before conducting a further *in camera* inspection of any such documents the Court will provide Defendants with an opportunity to respond to Plaintiffs' request.

Lastly, to the extent that Defendants believe that additional factual

---

must provide the Court with the documents for *in-camera* inspection. If the attachment beginning at BMS_0004743244 is the redacted attachment reference on the privilege log, BMS should provide the Court with an explanation *in-camera.*

*Case No: 3:16-md-2734-MCR-GRJ*

information not previously provided to the Court is material to the Court's ruling overruling any of Defendants' assertions of attorney client privilege Defendants may provide the Court *in camera* with the additional factual information within seven (7) days of the date of this order. The Court will then reassess the ruling based upon the additional factual information and then promptly advise whether the Court's ruling is subject to reconsideration. If there is no additional information submitted challenging the rulings Defendants must then produce within ten (10) days of the date of this order all documents to which the Court granted Plaintiffs' motion to compel.

Accordingly, for these reasons, it is **ORDERED**:

1. Plaintiffs' Motion to Compel Production of Documents on Defendants' New Privilege Logs, ECF No. 644, is **GRANTED** to the extent designated on Exhibits A, B, and C and is **DENIED** in all other respects.

2. Defendants must provide Plaintiffs with all documents to which the Court has granted the motion to compel and denied the claimed privilege. Defendants must provide the documents within ten (10) days of the date of this order.

**DONE AND ORDERED** this 8th day of January 2019.

                *s/Gary R. Jones*
                GARY R. JONES
                United States Magistrate Judge